UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID JAMES HOLSINGER,<br><br>        Plaintiff,<br><br>  v.<br><br>WOLPOFF & ABRAMSON, LLP, et al.,<br><br>        Defendants. | Case No.: C 05-2075 JF (PVT)<br><br>**INTERIM ORDER RE PARTIES' PROPOSED FORM OF PROTECTIVE ORDER** |

On March 3, 2006, the parties filed a stipulated form of protective order. For the most part, the form of protective order tracks this court's model form of order. Most of the minor modifications to the model form of order are acceptable to the court. However, the court finds it appropriate to issue this interim order,[1]

IT IS HEREBY ORDERED that, no later than March 24, 2006, the parties shall submit a revised form of protective order that revises the wording of Paragraph 6.3 ("Judicial Intervention") to track the wording of the model form of order as follows:

> "A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

> identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.
> "The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation."

The court is requiring this revision because the wording proposed by the parties is problematic in two respects. First, it creates an unnecessary risk of inadvertent waiver of confidentiality if a party's attorney through inattention fails to bring a motion within 14 days after receiving an objection to a confidentiality designation. Second, it creates a risk of putting the burden of unnecessary motion work on both this court and the designating party in situations where the objecting party might not otherwise initiate motion work. The better approach is to place the burden of filing a motion on the party objecting to the designation. This will ensure that motions are only brought when the objecting party feels the burden of motion work is warranted.[2]

Dated: *3/10/06*

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[2] Designating parties and counsel are cautioned, however, that over-designation of documents may result in sanctions. The filing of documents designated "Confidential" or "Confidential – Attorneys Eyes Only" puts an additional burden on the court. Often the party filing the document is not the designating party. In that situation the party does not have the option to unilaterally de-designate documents before submitting them to the court, and has no choice but to request they be filed under seal. Over-designating documents can thus result in unnecessary work for the court in sorting the documents that deserve sealing from those that do not, as well as additional work for the parties who must then re-file public versions of the non-confidential documents. The best way to avoid this result is for counsel to use best efforts to make appropriate designations at the outset, and to promptly de-designate a document when it comes to counsel's attention that the document is over-designated.

ORDER, *page 2*