**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID JAMES HOLSINGER, ) | Case No.: C 05-2075 JF (PVT) |
| Plaintiff, ) | |
| ) | **ORDER RE ENTRY OF PROTECTIVE ORDER** |
| v. ) | |
| ) | |
| WOLPOFF & ABRAMSON, LLP, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

On March 13, 2006, this court issued an interim order regarding the proposed form of protective order submitted by the parties. In its interim order, the court directed the parties to revise one paragraph of the proposed form of order. On March 14, 2006, Defendants submitted the form of order revised as directed by the court, but also informed the court that Plaintiff had declined to stipulate to submission of the revised form of protective order. Based on Defendants' submission, this court issued an Order to Plaintiff to Show Cause Why Revised Form of Protective Order Should Not Be Issued by Court. On March 20, 2006, Plaintiff responded to the Order to Show Cause. Based on the file herein,

IT IS HEREBY ORDERED that the court will issue a Protective Order in the revised form submitted by Defendants pursuant to this court's interim order.

Courts possess inherent authority to *sua sponte* issue protective orders where good cause for

such an order is contained in the record. *See, e.g., Smith v. Equifax Information Services*, 2005 WL 2660381 (D.Conn. 2005). While Plaintiff is unwilling to stipulate to the terms of the revised protective order required by this court, counsel for Plaintiff did sign a stipulated form of protective order, filed herein at docket number 26, that contains the following factual recital:

> "Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted."

Thus, a showing of good cause for entry of a "blanket" protective order is contained in the record, and *sua sponte* entry of such an order would be warranted. Nonetheless, the court essentially treated Defendants' request for entry of the revised form of protective order as if it were a motion for entry of a blanket protective order, and afforded Plaintiff an opportunity to oppose that "motion." Nowhere in Plaintiff's opposition does Plaintiff retract his prior representation to the court that entry of a blanket protective order is warranted in this case. On the contrary, Plaintiff reiterated his stipulation to the original form of protective order, and thus to the factual recital therein.

Plaintiff cites no legal authority which *requires* the initial burden of filing a motion to be placed on the designating party when a dispute arises over the propriety of a designation pursuant to a blanket protective order. On the contrary, placing the burden of filing a motion on the challenging party is entirely appropriate. *See, e.g., Gillard v. Boulder Valley School Dist.*, 196 F.R.D. 382, 386 (D.Colo. 2000) ("the burden of proving confidentiality never shifts from the party asserting that claim–only the burden of raising that issue"). Rule 1 of the Federal Rules of Civil Procedure provides that the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." In this court's experience, putting the initial burden of filing a motion to de-designate on the challenging party, while continuing to place the burden of persuasion on the designating party, best serves judicial economy and the mandates of Rule 1. The wisdom of this approach is reflected by the fact this district chose to formulate its model form of protective order to place the burden of filing a motion on the challenging party.

Plaintiff is on record as objecting to the protective order being a "stipulated" order. The court notes that the revised form of order submitted by Defendants removed the references to it being

a stipulation.

      Plaintiff also complains that the court is disturbing the "bargain" struck by the parties. A protective order is a court order, not a contract. While parties may suggest terms for a protective order, the ultimate decision as to the appropriate terms for such an order resides within the discretion of the court. *See, e.g., Ares-Serono, Inc., v. Organon Int'l B.V.*, 153 F.R.D. 4, 6 (D.Mass. 1993) ("Th[e] court enjoys ample discretion in fashioning the terms of a protective order to accommodate the needs and interests of the parties."). In any event, Plaintiff has not directed the court's attention to any provision of the form of protective order, other than the one revised by the court, to which Plaintiff objects.

Dated: *3/21/06*

/s/ Patricia V. Trumbull
PATRICIA V. TRUMBULL
United States Magistrate Judge

**United States District Court**
For the Northern District of California