\*\*E-Filed 3/23/06\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID JAMES HOLSINGER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WOLPOFF & ABRAMSON, L.L.P., et al.,<br><br>　　　　Defendants. | Case Number C 05-02075 JF (PVT)<br><br>ORDER[1] OVERRULING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S INTERIM ORDER RE PARTIES' PROPOSED FORM OF PROTECTIVE ORDER<br><br>[re: docket No. 31] |

　　　　On March 3, 2006, Plaintiff David James Holsinger and Defendants filed a stipulated protective order. On March 13, 2006, Magistrate Judge Trumbull issued an "Interim Order Re Parties' Proposed Form of Protective Order," ordering the parties to submit a revised protective order:

> The court is requiring this revision because the wording proposed by the parties is problematic in two respects. First, it creates an unnecessary risk of inadvertent waiver of confidentiality if a party's attorney through inattention fails to bring a motion within 14 days after receiving an objection to a confidentiality designation. Second, it creates a risk of putting the burden of unnecessary motion work on both

---

[1] This disposition is not designated for publication and may not be cited.

> this court and the designating party in situations where the objecting party might not otherwise initiate motion work. The better approach is to place the burden of filing a motion on the party objecting to the designation. This will ensure that motions are only brought when the objecting party fees the burden of motion work is warranted.

March 13, 2006 order, p. 2. On March 20, 2006, Plaintiff filed an objection to Magistrate Judge Trumbull's interim order. Where, as here, the magistrate judge's ruling addresses a non-dispositive matter, the district judge will modify or set aside "any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A).

Plaintiff objects to Magistrate Judge Trumbull's interim order on the grounds that public policy disfavors protective orders and that the modified protective order would encourage over-designation of confidential documents. Because both of these arguments are, on their face, policy arguments, neither can establish that the interim order is clearly erroneous or contrary to law.

Plaintiff also objects to the interim order on the ground that the party seeking a protective order pursuant to Federal Rule of Civil Procedure 26(c) bears the burden of establishing good cause. Plaintiff argues that "it is the designating party's burden (at all times) to bring a motion that establishes 'good cause' for protection of its documents." However, Plaintiff cites no authority for this proposition. Moreover, as Magistrate Judge Trumbull notes in her March 21, 2006 "Order Re Entry of Protective Order," it is appropriate for the challenging party to bear the burden of filing a motion when the confidential designation of a particular document pursuant to a blanket protective order is at issue. *See, e.g.*, *Gillard v. Boulder Valley School Dist. Re.-2*, 196 F.R.D. 382, 386 (D.Colo. 2000) ("After receiving documents, the opposing party has the right to contest those documents which it believes not to be confidential. At this stage, the party seeking the protection shoulders the burden of proof in justifying retaining the confidentiality designation. Thus, the burden of proving confidentiality never shifts from the party asserting that claim—only the burden of raising that issue.").

Next, Plaintiff objects to the interim order on the ground that the modified protective

1  order is different than that to which the parties stipulated.  As Magistrate Judge Trumbull has
2  already clarified in her March 21, 2006 order, the revised protective order does not include any
3  reference to a stipulation and "[w]hile parties may suggest terms for a protective order, the
4  ultimate decision as to the appropriate terms for such an order resides within the discretion of the
5  court." Order of March 21, 2006, p. 2 (citing *Ares-Serono, Inc. v. Organon Intern. B.V.*, 153
6  F.R.D. 4, 6 (D.Mass., 1993)).
7      Accordingly, the objection to Magistrate Judge Trumbull's order will be overruled.
8      IT IS SO ORDERED.

10 DATED: March 23, 2006

13     JEREMY FOGEL
    United States District Judge

3

Case No. C 05-02075 JF (PVT)
ORDER OVERRULING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S INTERIM ORDER RE
PARTIES' PROPOSED FORM OF PROTECTIVE ORDER
(JFLC1)

1  This Order has been served upon the following persons:

2  Tomio B. Narita            tnarita@wsnlaw.com

3  Frederick William Schwinn  cand_cmecf@sjconsumerlaw.com,
                              fred.schwinn@sjconsumerlaw.com

4
5  Jeffrey A. Topor           jtopor@wsnlaw.com

Case No. C 05-02075 JF (PVT)
ORDER OVERRULING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S INTERIM ORDER RE
PARTIES' PROPOSED FORM OF PROTECTIVE ORDER
(JFLC1)