UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID JAMES HOLSINGER,<br><br>        Plaintiff,<br><br>  v.<br><br>WOLPOFF & ABRAMSON, LLP,<br><br>        Defendant. | Case No.: C 05-2075 JF (PVT)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO PRECLUDE EVIDENCE; BUT GRANTING RELIEF FROM THE DISCOVERY CUTOFF FOR PLAINTIFF TO TAKE TWO DEPOSITIONS** |

On May 23, 2006, the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on Plaintiff's Motion to Preclude Evidence.[1] Based on the briefs and arguments presented,

IT IS HEREBY ORDERED that Plaintiff's motion is DENIED.

The imposition of evidence preclusion sanctions under Rule 37(c)(1) of the Federal Rules of Civil Procedure is a matter within the trial court's discretion. *See Newman v. GHS Osteopathic Inc.*, 60 F.3d 153, 156 (3rd Cir. 1995). The preclusion of evidence not disclosed in discovery is "a drastic remedy and will apply only in situations where the failure to disclose represents ... flagrant bad faith and callous disregard of the rules." *See Johnson Elec. North America, Inc. v. Mabuchi North America Corp.*, 77 F.Supp.2d 446, 458 (S.D.N.Y. 1999). In fact, "[n]otwithstanding Rule 37(c), the

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

district court may be found to have abused its discretion if [its] exclusion of testimony results in fundamental unfairness in the trial of the case." *See Newman v. GHS Osteopathic Inc.*, 60 F.3d 153, 156, quoting *Orjias v. Stevenson*, 31 F.3d 995, 1005 (10th Cir. 1994)

In the present case, the only "evidence" Defendant failed to properly disclose under Rule 26(a)(1) was an identification of the subjects of the disclosed individual's discoverable information.[2] However, this appears to be a fairly strait forward Fair Debt Collection Practices Act case, and Defendant's defenses were disclosed in its answer. The substance of the discoverable information within the knowledge of the disclosed individuals could easily have been determined by deposing them. Disclosure of the substance of their information would not likely have eliminated the need to depose them. For some inexplicable reason, Plaintiff chose not to take those depositions.[3] Under these circumstances, precluding testimony from Defendant's witnesses would result in fundamental unfairness. Plaintiff was on notice of the identity of the witnesses and the nature of Defendant's defenses. It would be fundamentally unfair to bar testimony from properly disclosed defense witnesses based on Plaintiff's own choice not to depose those witnesses.

With regard to Defendant's interrogatory responses and document production, Defendants asserted objections to the interrogatories and document requests that Plaintiff never tested with a motion to compel. Nothing in Rule 37 allows preclusion of evidence responsive to a discovery request where timely objections to the requests have never been ruled on by the court. Precluding evidence responsive to Plaintiff's discovery requests is unwarranted, and would be fundamentally unfair, because Plaintiff never bothered to challenge Defendant's objections with a motion to compel.

IT IS FURTHER ORDERED that, in order to cure any minor prejudice actually caused by Defendant's failure to disclose the substance of the discoverable information within the knowledge

---

[2] The identities of the individuals themselves *were* disclosed.

[3] Apparently the parties had some difficulty agreeing on dates for the depositions. However, that difficulty did not entitle the Plaintiff to throw up his hands, give up trying to get the depositions, and then use his own failure to take the depositions as a basis for precluding Defendant from using their testimony. Once attempts to agree on the deposition dates failed, Plaintiff should have noticed the depositions, and any dispute over the dates could have been resolved on a motion for protective order by Defendant and/or the deponents.

United States District Court
For the Northern District of California

of individuals identified in Defendant's initial disclosures, Plaintiff is granted relief from the discovery cutoff to take the deposition of Phillip Joseph Brusseau and a Rule 30(b)(6) deposition of Defendant.  The parties shall immediately meet and confer regarding the dates for the depositions and the scope of the Rule 30(b)(6) deposition.  If the parties cannot agree on either the dates for the depositions or the scope of the Rule 30(b)(6) deposition, Plaintiff shall serve his deposition notices and simultaneously notice a motion, on two weeks notice, for court approval of the deposition notices as to dates and/or subject matter.  The opposition shall be filed one week before the hearing.  Absent leave of court, no reply shall be filed.

Dated: *5/23/06*

PATRICIA V. TRUMBULL
United States Magistrate Judge